UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. EPSTEIN,

       Petitioner,                       Case No. 07-11178
                                                Honorable Paul D. Borman

v.

LINDA METRISH,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

**I.    Introduction**

Petitioner David A. Epstein, a state inmate currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is being held in violation of his constitutional rights. On April 30, 2003, Petitioner pleaded guilty, in Bay County, Michigan, Circuit Court, to one count of assault with intent to commit criminal sexual penetration. On or about June 23, 2003, Petitioner was placed on five years probation. While on probation, Petitioner was charged, in Oakland County, Michigan, Circuit Court, with a new count of assault with intent to commit criminal sexual penetration. To that offense, Petitioner pleaded no contest.

On March 23, 2006, the Bay County Circuit Court found Petitioner guilty of violating his probation, because of his new conviction in Oakland County for assault with intent to

commit criminal sexual penetration. On April 20, 2006, Petitioner was sentenced to six to ten years imprisonment for his probation violation.

## II. Procedural History

On April 21, 2006, Petitioner filed a request for appointment of appellate counsel. Subsequently, on July 13, 2006, Petitioner, through counsel, filed a delayed application for leave to appeal, alleging that (1) the trial court erred in imposing a sentence against him that departed from the sentencing guidelines and, (2) trial counsel was ineffective for failing to object to the guideline scoring at sentencing. On August 18, 2006, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented." *People v. Epstein*, No. 271745 (Mich.Ct.App. Aug. 18, 2006).

Petitioner thereafter filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as were raised in the Michigan Court of Appeals. On November 29, 2006, the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal, "because we are not persuaded that the questions presented should be reviewed by this Court." *People v. Epstein*, 477 Mich. 950, 723 N.W.2d 860 (2006).

Petitioner filed the pending petition for a writ of habeas corpus on March 19, 2007, presenting the following claim:

> I. Denial of right to appeal. The Michigan Court of Appeals [and] the Michigan Supreme Court failed to issue an order on any of Petitioner's issues in his appellate brief or his *pro per* supplemental information.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state court decisions. Specifically, 28 U.S.C. § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under the "contrary to" clause in subsection (1), a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362 (2000). The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.*

Under the "unreasonable application" clause in subsection (2), a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case presented. *Williams*, 529 U.S. at 407-08. Relief also is available under this clause if the state court's decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th

Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state court's decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

In analyzing whether a state court's decision is "contrary to" or an "unreasonable application" of clearly established Supreme Court precedent, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams*, 529 U.S. at 412.

## IV. Analysis

In this case, Petitioner pleaded no contest to the above-stated charges. Therefore, pursuant to M.C.R. 7.205, he had no right of appeal. Rather, Petitioner was required to file an application for leave to appeal with the state appellate court. An application for leave to appeal is timely filed, if it is filed within twenty-one days after entry of judgment of sentence. M.C.R. 7.205(A). Here, Petitioner argues that because the transcripts were not furnished to appellate counsel within the necessary time frame, the deadline for filing his application for leave to appeal was missed. Therefore, Petitioner's counsel had to file a delayed application for leave to appeal. On that basis, Petitioner contends that he was thus denied his appellate rights.

Michigan has a unique appellate process. Failure to file a timely appeal does not eradicate a defendant's opportunity to seek direct appellate review of his conviction. A delayed application for leave to appeal can be filed within twelve months after entry of judgment, if there are valid reasons explaining the delay. M.C.R. 7.205(F)(3); *People v. Walker*, 467 Mich. 903, 653 N.W.2d 621 (2002). Although Petitioner was not allowed to pursue his application for leave

to appeal under M.C.R. 7.205(A) in a timely manner, he was able to file a delayed application for leave to appeal under M.C.R. 7.205(F).

Here, Petitioner's only habeas claim is that the Michigan state appellate courts denied him his right of appeal, when they failed to issue an order specifically addressing any of the issues asserted in his appeal. In his present pleadings, Petitioner is not re-asserting his claims raised in the state appellate courts. Rather, Petitioner appears to argue that the state appellate courts were required to discuss and address, in detail, the claims he raised with respect to the sentence imposed upon him for violating his probation.

This Court may only grant habeas relief to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner has failed to cite to any constitutional provision, or any other federal law or treatise, to support his argument that the state appellate courts were required to address his claims in detail.

Although the state appellate courts did not address the merits of the grounds raised in a written opinion, this Court cannot conclude that the state appellate courts' evaluation should be presumed unreliable. That is, the Court concludes that Petitioner is not entitled to a presumption of prejudice after the state appellate courts examined his claims through a delayed application for leave to appeal and determined that they lacked merit. Because Petitioner has failed to present any federal constitutional claims which are cognizable on habeas review, he is therefore not entitled to habeas relief.

## V.     Conclusion

Based on the foregoing analysis, the Court concludes that the state appellate courts' decisions were not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.  Therefore, Petitioner is not entitled to habeas corpus relief.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied that jurists of reason could not find the Court's ruling debatable. No certificate of appealability is warranted in this case.  Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 13, 2008.

s/Denise Goodine
Case Manager